Thank you. May it please the Court, my name is Ellen Pitcher, I'm an attorney with the Federal Defender's Office here in Portland, and I represent Norman Brown, who is the appellant in this case. We are here because the District Court did not properly consider the appropriate factors under 18 U.S.C. 3553A when it reimposed a five-year term of supervised release on Mr. Brown after his violation of supervised release. For a little background for the Court, because I think it is important to our argument, the reason that the Court was able to reimpose a term of five years of supervision, which is a very lengthy term for a criminal case, was because after Mr. Brown had somewhat of a tortured history through his trial in this matter, he initially went to trial on a two-count indictment. He was acquitted of the first count, and there was a hung jury on the second count. The government chose to retry him on the second count, and prior to that second trial, filed an information under 21 U.S.C. 851 alleging that because he had a prior conviction for possession of controlled substance, that he would now be eligible for an increased mandatory minimum sentence of ten years for possession of more than five grams of crack cocaine if he were convicted, and a commensurate eight-year term of supervised release, which would only be possible with his enhancement. Subsequently, he was convicted, sentenced to a very lengthy term, which was subsequently lessened, as the briefs point out, and released on supervision. Mr. Brown actually did pretty well in supervision for about 18 months, as the Court recognizes at the hearing and as is in the record. However, he then had problems initially, the kind of problems that led to violating rules of supervision, including drug use and other problems like that, and ultimately several new criminal convictions. Although not as serious as the ones that the government points out in their brief, he actually ended up pleading to a lesser count in the state of Washington and came back to court to be sentenced on these violations after being convicted of assault in the third degree in Washington. Mr. Pitcher, are you contending that the district court has to specifically identify and discuss each one of the 3553A factors at resentencing hearing, even if the defendant doesn't raise them? No, Your Honor. But I think that the law is clear that those factors do need to – they set the framework for the court's determination in sentencing. And the defendant did, in fact, identify two of the factors that we're particularly concerned about. Initially, there was a hearing at which Judge Norman Brown particularly asked the judge not to reimpose supervision at all. The judge and he had a colloquy. Mr. Brown pointed out to the judge in quite poignant terms that he felt he simply could not complete a lengthy term of supervision, that he and his probation officer had – their relationship had deteriorated, that for reasons that – things that had happened in the community, that he felt he was a target of the police, that he was paranoid, that he wanted to leave Portland. And for a number of reasons, he wanted no supervision. Don't you think the Hurd case disposes of that argument, though? Well, it might, Your Honor. And that's why when we filed our motion for reconsideration, what we asked the court to do was simply to impose a lesser term. I think Hurd isn't entirely dispositive. It certainly doesn't help us much. But in Hurd, the probationer there was – and I would like to distinguish him from Mr. Brown. He was an abysmal failure on supervision. There was nothing to indicate that he took supervision at all seriously, cared about his rehabilitation, or wanted to have anything to do with his probation officer, simply wanted to do his time and be left alone. Mr. Brown had engaged for a lengthy period of time with his probation officer, had viewed him as someone who could help him, in fact had gone to him after he'd been assaulted in the community and asked for his help. So I think that the facts are very different, but I understand the point the court is making. I don't think Mr. Brown had any right to ask simply to do his time in lieu of supervision. But what we ask in our motion for reconsideration is that the judge consider a lesser term of reimposition simply because five years was such a lengthy term that Mr. Brown would have a very difficult time viewing that kind of constriction given his feelings about the probation officer and probation. But the reality is here that there was indeed a colloquy with the judge. There was. It was a very thoughtful colloquy actually back and forth. Yes. The judge apparently considered this very carefully. He's already listened to Mr. Brown, made a contrary determination. In light of hurt, so it's clear your client has no right to change it, how do you see this appeal really benefiting your client? The judge, thoughtful judge, has already considered this and rejected it. On what legal basis, counsel, can you expect to receive a different result? Well, my main concern, Your Honor, has to do with the length of the term of supervision that was driven entirely by prosecutorial discretion. One of the factors- It's a disparity argument, right? Yes, it is, Your Honor. And I think that it is our strongest argument. The government indicates that it doesn't really apply in this case because what the court should be doing is comparing Mr. Brown with other similarly situated defendants, those who are charged with the same offense and who have the same criminal history back there. But your argument also relies on Amendment 506, which has been overturned now. Isn't that correct? We don't rely on that. We simply indicated that in passing 506, the Sentencing Guideline Commission observed that there was a disparity there that was unfair. And frankly, that disparity has now come back before the Sentencing Commission again, as I'm sure the Court is aware. We just make that point that in this case, the reason that Mr. Brown was even looking at this lengthy term of supervision was because the prosecutor basically, to punish Mr. Brown for continuing to go to trial, filed an enhancement after his first trial, before his second trial, which had nothing to do with the basic justice or seriousness of the offense. If it did, they would have filed it at the beginning. It was simply either negotiation or trial tactics on the prosecution's part. Well, that's your assumption. Is there something in the record you can point to where the judge was aware of that, took that into account when he made his determination? I don't know. Well, I don't know, Your Honor. I actually was not trial counsel. That was a long time ago. But I don't even think that matters. I think the point is that the reason Mr. Brown is not similarly situated to other people with his same offense and same criminal history because of a prosecutorial decision. And in our district, and it may be true in other districts as well, those enhancements are not filed when people have prior, simply mere possession of controlled substance convictions. So I've never seen one. Maybe it was awful what they did or you didn't. No, it wasn't, Your Honor. Okay. But it's disparity, and that's the point that I'm making. The disparity is based upon the Amendment 506, which has been overturned, right? No. Disparity based on the fact that the prosecution decided to file an 851 enhancement in this case where in many other cases that would not have occurred, and therefore Mr. Brown's exposure was much greater than other similarly situated defendants. And by example, of course, and I concede that these aren't similarly because they're not the same crime, but defendants charged under Title 18 with much more serious offenses face a far shorter term of supervised release. So we believe that the judge did not take into consideration adequately the argument that we raised in our motion for reconsideration, that there should have been disparity, or there should not have been that disparity, and that he should not have imposed that lengthy a term of supervision. I would like to reserve my remaining time. Thank you. Good morning. May it please the Court, I'm Hannah Horsley, and I represent the United States. As the defendant has conceded, the district court did not in this instance need to expressly address each of those 3553A factors, and I think the record makes clear that the court was mindful of Mr. Brown's need for rehabilitation, concerned with deterrence of future criminal conduct, and concerned with his history and characteristics in fashioning this term of supervised release for him on revocation. Judge Marsh has had Mr. Brown in his courtroom for over 13 years at the time he appeared for this hearing, and he recounts on the record that he's done quite well in the first year and a half that he was on supervised release. When the first violation came up, which was a serious felony attempt to elude, which the defendant was convicted of in state court and ultimately found to be a violation of his supervised release, the district court gave him every opportunity to stay out of custody, to continue on supervision, see if he could perform well, and if so, the court made it clear to him that he would not revoke his term of supervised release. That didn't happen. Mr. Brown is back before him more than a year later with another series of very serious violations, not only an assault three conviction, which he's now picked up in state court, but also repeated dirty urinalysis tests showing cocaine use, evasion of further drug testing, et cetera. Ms. Marsh, Leah, does the government contend that the Labonte case, the Supreme Court case, forecloses this court from considering Mr. Brown's situation based on prosecutorial discretion? Yes, Your Honor.  Is it dispositive? I think it is dispositive as cast in the defendant's brief. It is true that under 3553A, one of the factors the court should consider is unwarranted disparity, but the statute makes very clear it's talking about, first of all, unwarranted disparity, and secondly, disparity with similarly situated defendants who are convicted of similar crimes. So that set of issues is still properly before both the district court and this court, but I think Labonte throws out altogether the idea that somehow any presumption or theoretical prosecutorial discretion bringing disparity into the process is somehow a basis for the court's determination of whether disparity existed and certainly whether any unwarranted disparity existed. And I think your questions to defense counsel are well noted that there is nothing in the record here about disparity. Nothing was brought before the district court to identify who the class of similarly situated defendants are that the court should have considered or looked at, and anything that would show that any disparity with those people is somehow unwarranted. That's simply not in the record. I do also, Judge Smith, you pointed out or questioned whether Hurt is dispositive, and I think although it's distinguishable in terms of the nature of the violations between the two defendants, I do think it's dispositive for purposes of this case, which is really whether the defendant himself should make the determination whether he should be on or off supervised release. In both cases, the defendants kind of threw up their hands. They didn't like it. They didn't want it anymore. They wanted to do more time in prison and then be free of supervision. And in each instance, the district court judge in their considered judgment said that wasn't reasonable, and instead following Johnson said, you know, these are precisely the defendants who need supervision and can benefit from that. I think on all of the facts in this record, Judge Marsh made a reasonable decision, certainly did not abuse his discretion in reimposing a term of supervised release and did so in. Did you address the prosecutorial discretion issue that counsel was asking? With respect to the disparity or the. Well, the idea that there was punishment for. Oh, the McBell concern. Well, first of all, there's nothing in the record about, there is nothing presented to the district court about this issue of disparity at the time of the hearing. So unlike the McBell case where you had a district court judge who expressly said on the record, I'm giving you an additional, I think that was a term of imprisonment on revocation rather than a term of supervised release, as punishment because of the underlying, the seriousness of the underlying crime and as punishment. Here you don't have any of that. You have absolutely nothing in the record to suggest that Judge Marsh was relying on that particular prong of 3553, which the government concedes is not legally relevant. But there's certainly no indication that he did that here. Unless the court has any further questions, I'll submit on the brief. Thank you. I just wanted to respond briefly to the interchange regarding Levant. We're not arguing that Levant somehow applies here. I simply in my brief indicated that the rationale for the amendment was still relevant even though, and the Levant case actually dealt with the appropriateness of career offender sentencing under the guidelines. It doesn't really deal at all with the supervised release issues. But I think that the comment that the court made, that the sentencing commission made there about the disparity is still true. And we did raise that issue in our motion for reconsideration. The counsel is correct. It was not raised in the record during the hearing. But in terms of the length of supervision, that was our argument, that it was disparate. It was unfair. It was only authorized because it was authorized under the enhancement that Mr. Brown received because he went to trial twice. And for that reason, we think that the court should, this court should return the case to Judge Marsh and allow him to resentence Mr. Brown. Okay. Thank you. Thank you, counsel. Very helpful argument. Case argued as submitted.
judges: Goodwin, Fisher, Smith